**SECURITIES AND EXCHANGE COMMISSION, Applicant,**

v.

**PACIFIC BELL, Respondent.**

Misc. No. 88–0234.

United States District Court, District of Columbia.

Jan. 11, 1989.

**12**

John H. Sturc, Jerry A. Isenberg, Rudolph Gerlich, Jr., Wayne A. Wirtz, S.E.C., Washington, D.C., for applicant.

Martin J. Jenkins, San Francisco, Cal., for respondent.

## MEMORANDUM OPINION

SPORKIN, District Judge.

On July 22, 1988, applicant Securities and Exchange Commission ("Commission") filed in this court an application requesting this court to direct respondent Pacific Bell to show cause why it should not be ordered to produce the telephone records requested in two subpoenas issued by the Commission on March 10 and 11, 1988, and further requesting that the court order Pacific Bell to obey the subpoenas.

On July 25, 1988, this court entered an order directing respondent Pacific Bell to appear in court and show cause why it should not be ordered to produce the records specified in the subpoena *duces tecum.* By stipulation filed on September 1, 1988, the parties have agreed to have this matter submitted without a hearing, for adjudication on the merits on the basis of the pleadings and supporting papers filed by the parties.

### Background

On February 3, 1988, pursuant to § 20(a) of the Securities Act of 1933, 15 U.S.C. § 77t(a) (1982), and § 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(a) (1982), applicant Securities and Exchange Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony in the Sealed Matter ("Formal Order"). Through the Formal Order the Commission directed that a private investigation be conducted to determine whether the company, persons associated with the company, or persons trading in the securities of the company, are engaged in or are about to engage in viola-

tions of the Securities Act of 1933, the Securities Exchange Act of 1934, or the rules promulgated under those laws.

The investigation authorized by the Formal Order is being conducted from the Commission's Washington, D.C. office. The Formal Order designated certain members of the commission's staff, including Rudolph Gerlich, Jr., Gene A. Albarado and Wayne A. Wirtz, as officers of the Commission for the purposes of the investigation. 15 U.S.C. § 77s(b); 15 U.S.C. § 78u(b). The Formal Order authorized each person to, among other things, require the production of any papers, correspondence, memoranda and any other records deemed relevant to the investigation. *Id.*

On March 10 and 11, 1988, Wayne A. Wirtz, acting as an officer of the Commission pursuant to the Formal Order, issued subpoenas *duces tecum* to Pacific Bell, requiring the production of telephone records of certain persons whom the Commission had reason to believe were involved in or possessed information concerning the matters described in the Formal Order, including the dissemination and use of material, non-public information concerning a particular company by and between individuals who traded in the securities of that company. The subpoenas ordered Pacific Bell to produce the records on or before March 22, 1988, at the Commissions headquarters office in Washington, D.C.

The subpoenas were properly served upon Pacific Bell, a corporation with its principal executive offices located in San Francisco, California. Respondent Pacific Bell is a public utility engaged in providing telephone service to parts of California. It has provided such services to the persons whose telephone records were subpoenaed by the Commission on March 10 and 11 pursuant to the Formal Order.

Pacific Bell refused to produce the records requested in the Commission's subpoenas *duces tecum* on the grounds that the subpoenas are invalid since they do not contain the customers' consent to release the requested records, as required by the California Customer Right of Privacy Act,

set forth in § 2891 of the California Public Utility Code ("CPUC"). California Public Utility Code § 2891(a).

As a result, the Commission filed in this court an order to show cause and an order requiring obedience to subpoenas *duces tecum*. The Commission claims that it is exempt from the customer consent requirement of § 2891(a) of the CPUC since § 2891(d) of the CPUC exempts from that requirement "information provided to law enforcement agencies in response to lawful process issued under state or federal law". Further, if the court finds that § 2891(a) of the CPUC applies to the Commission, the Commission contends that it conflicts with the power of the Commission to compel the production of documents in connection with its statutorily authorized investigation. Therefore, under the Supremacy Clause of the Constitution, the CPUC is preempted by the federal securities laws and must be deemed unconstitutional. U.S. Const. art. VI, cl. 2.

For the reasons stated below, the court finds that the term "law enforcement agency" as used in § 2891 of the CPUC includes federal law enforcement agencies such as the Commission, and that the information requested from Pacific Bell pursuant to the subpoenas issued by the Commission is exempt from the customer consent requirements of § 2891 of the CPUC.

Insofar as the Commission is not exempt from the customer consent requirements of § 2891 of the CPUC, that statute conflicts with the Commission's statutory power to compel the production of information under the federal securities laws. As a result the court finds that under the Supremacy Clause of the United States Constitution § 2891 of the CPUC is preempted by federal securities laws and regulations.[1]

### Discussion

Pacific Bell has not claimed, nor has it been shown, that the subpoenas are unreasonable or burdensome or that the doc-uments requested are irrelevant to the Commissions investigation. The only question for this court is whether the California legislature intended to include the Commission in its definition of the term "law enforcement agency" as the term is used in § 2891(d) of the CPUC, and if not, whether § 2891 of the CPUC is preempted by federal securities laws.

■■■ It is well established that statutes such as the one at issue here shall be interpreted to avoid constitutional difficulties. *Frisby, et al. v. Schultz*, —— U.S. ——, 108 S.Ct. 2495, 2502, 101 L.Ed.2d 420 (1988); *see also Erznoznik v. City of Jacksonville*, 422 U.S. 205, 216, 95 S.Ct. 2268, 2276, 45 L.Ed.2d 125 (1975). In this situation where two interpretations are proposed, one of which raises fundamental constitutional issues and one of which does not, this court is obliged to favor the latter. Yet even if this was not the case, the plain language and the legislative history of § 2891(d) of the CPUC indicate that the Commission is a "law enforcement agency" under that section.

Section 2891 of the CPUC provides in pertinent part that

(a) No telephone or telegraph corporation shall make available to any other person or corporation, without first obtaining the residential customer's or subscriber's consent, in writing, of any of the following information:

(1) The Customer's or subscriber's personal calling patterns, including any listing of the telephone or other access numbers called by the customer or subscriber [or] ...

(4) Demographic information about the residential customer or subscriber, either as an individual or in the aggregate.

Thus Pacific Bell is generally required to obtain the consent of the customer or subscriber whose records are requested before it can make the information available to the requestor.

---

1. See *S.E.C. v. First Tennessee Bank, N.A. Memphis*, 1978 Fed.Sec.L.Rep. (CCH) ¶ 96,418 (W.D. Tenn.1978); *cf. S.E.C. v. Jerry O'Brien, Inc.*, 467 U.S. 735, 104 S.Ct. 2720, 2728–2730, 81 L.Ed.2d 615 (1984); *United States v. Arthur Young & Co.*, 465 U.S. 805, 104 S.Ct. 1495, 1504, 79 L.Ed.2d 826 (1984).

**14**

However the law contains an exemption for information sought by law enforcement agencies. Subsection (d) of § 2891 states that "[this section] shall not apply to ... information provided to law enforcement agencies in response to lawful process issued under state or federal law ..." Public Utilities Code § 2891(d). Given the plain words of the statute and the Commission's role in the enforcement of federal securities laws, it is clear that the Commission is a federal "law enforcement agency" and the subpoena at issue is "lawful process" as the terms are used in § 2891(d).

■ An examination of federal law shows that Congress intended that the Commission be the law enforcement agency charged with investigating possible violations of federal securities laws. Both the Securities Act of 1933 and the Securities and Exchange Act of 1934 grant the Commission the authority to investigate civil and criminal violations of federal securities laws and demand production of all relevant evidence. *Securities and Exchange Commission v. Jerry O'Brien, Inc.*, 467 U.S. 735, 104 S.Ct. 2720, 2725, 81 L.Ed.2d 615 (1984); 15 U.S.C. § 77t(a) (1982); 15 U.S.C. § 78u(a) (1982). Officers designated by the commission pursuant to Formal Orders are empowered to subpoena witnesses, take evidence, and require the production of documents. 15 U.S.C. §§ 77s(b) and 78u(b). The Commission may bring actions in its own name to enjoin violations of the acts, and may refer evidence of a criminal violation of the acts to the Attorney General who may institute the necessary criminal proceedings under these laws. 15 U.S.C. §§ 77s(d) and 78u(d).

■ While respondent admits that the term "law enforcement agency" is undefined by California statutes, it nevertheless contends that the Commission is not a law enforcement agency under the CPUC. Respondent cites California Penal Code ("CPC") sections 830.2 and 1523 to support its argument that the California legislature intended to prohibit the release of documents sought by the Commission pursuant to federal process.

An examination of the sections cited by respondent shows that neither of these sections shed light on the meaning of "law enforcement agency" or "lawful process" as used in the CPUC.

Section 1523 defines "search warrant" as the term is used in the state criminal code. That term does not appear in the CPUC section at issue in this case. Indeed, it is doubtful the state legislature intended that a definition found in the state criminal code be used to define a different term in an unrelated state civil code. Moreover, the definition cited by respondent only addresses state search warrants. It does not address any other forms of legal process such as the subpoenas at issue here, nor does it include any federal process whatsoever, which is expressly included in § 2891(d). Thus the court finds little support for respondent's argument in CPC § 1523.

Respondents also contend that the definition of "peace officer" under CPC § 830.2, when applied to § 2891(d), excludes the Commission from the term "law enforcement agency". Respondents claim that the state officials included under CPC § 830.2 possess the "ability to investigate criminal offenses and to make arrests pursuant to such investigations", whereas the Commission does not. Respondents Memorandum in Opposition, August 29, 1988, Pp. 5–6.

This court finds that CPC § 830.2 fails to support the respondent's argument. Respondent again attempts to apply a definition found in the state criminal code to a different term in a separate state civil code. In addition, the definition in § 830.2 refers only to state officials, whereas the plain language of § 2891(d) of the CPUC includes both state and federal officials.

The legislative history of the CPUC indicates that the California Legislature intended to include federal agencies such as the SEC in its definition of law enforcement agency in the CPUC. One legislator noted that Section (d) Allows "telephone companies to honor all lawful processes, including search warrants and subpoenas * * * [and] would permit law enforcement agencies to obtain civil subpoenas for criminal investigative purposes". Statement Be-

fore the Senate Judiciary Committee, March 25, 1987; Applicant's Memorandum, Exhibit 2, June 22, 1988.

Respondent cites a previous version of § 2891 of CPUC, California Assembly Bill No. 3382 (1986), contending that its more restrictive law enforcement exemption bolsters its argument that the state legislature did not intend to exempt the Commission from the requirements of § 2891 of the CPUC. Contrary to respondent's assertion this court finds that the California legislature's abandonment of the language of A.B. 3382 in favor of the present language of § 2891(d) supports the inclusion of the Commission as a law enforcement agency under the CPUC. In the present version of § 2891(d) the legislature broadened the form of process from "warrant" to the more general "legal process" and from those "issued from a superior court or a court of higher jurisdiction" to those "issued under state or federal law." *See* Assembly Bill 3382; CPUC § 2891(d).

Thus I find that the Commission is exempt from the customer consent requirements of § 2891 of the CPUC. While this determination disposes of respondents' objections to turning over the subpoenaed records, under the Supremacy Clause of the United States Constitution, § 2891 of the CPUC is preempted by federal securities laws and regulations which govern the Commission's investigatory abilities.

■ The basic test used to determine if a state law is preempted by a federal law or regulatory regime is whether the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941).

■ The issue of whether state laws requiring customer notice of subpoenas conflict with the Commission's statutory subpoena power is addressed in *S.E.C. v. Tennessee Bank N.A. Memphis*, 445 F.Supp. 1341, 1978 Fed.Sec.L.Rep. (CCH) ¶ 96,418 (W.D.Tenn.1978). Tennessee law required that subpoenas served on a bank for a customer's records also be served on the customer and that for good cause a court could

waive service on a customer. The court held that the requirements of the law posed an "unreasonable burden and serve[d] to hinder statutorily authorized investigations into possible securities law violations" *Id.* The court found the delay and difficulty the law imposed upon SEC investigations a sufficient conflict to hold the statute unconstitutional under the Supremacy Clause.

In the present case the requirements of the CPUC go beyond the Tennessee law and require customer consent before the requested records can be produced. Subjecting Commission investigations to such a requirement would not only cause interminable delay, it would impose a virtually insurmountable obstacle that would stymie the "accomplishment and execution of the full purposes and objectives of Congress" in delegating broad investigatory duties to the Commission.

■ Except in the area of bank records, governed by the Right to Financial Privacy Act, 92 Stat. 3697, 12 U.S.C. § 3401 *et seq.*, federal securities laws do not require either customer notice or consent for the proper issuance of a subpoena by the Commission. Both the Securities Act of 1933 and the Securities Exchange Act of 1934 give the Commission the ability "to make such rules and regulations as may be necessary to implement [their] provisions ..." 15 U.S.C. §§ 77s(a), 78w(a)(1). In reliance upon these statutes, the SEC has promulgated 17 CFR § 203.5 (1983), which sets forth a formal policy "of not routinely informing anyone, including targets, of the existence and progress of its investigations." *O'Brien*, 104 S.Ct. at 2726 (footnote omitted). Moreover both Congress and the Supreme Court recognize that notice requirements for the issuance of Commission subpoenas would severely impede the Commission's ability to effectively conduct investigations. *See O'Brien*, 104 S.Ct. at 2726–2728; *Arthur Young & Co.*, 104 S.Ct. at 1504 (1984).

The effectiveness and integrity of an SEC investigation is largely dependent upon the Commission's ability to conduct it in a timely and confidential manner without having to embark on numerous "mini trials" in order to obtain relevant information. As the Supreme Court noted in

**16**

*O'Brien* "the imposition of a notice requirement on the SEC would substantially increase the ability of persons who have something to hide to impede legitimate investigations by the Commission." 104 S.Ct. at 2729. This reasoning only becomes more powerful when a person who has something to hide is given the ability through state law to delay unduly an investigation by merely withholding their consent. In this conflict between the state and federal law, the federal statutory and regulatory interest must prevail.

### Conclusion

This court finds the Commission to be a "law enforcement agency" under § 2891(d) of the CPUC. As a result the subpoenas *duces tecum* issued to the respondents on March 10 and 11, 1988 are exempt from the requirements of § 2891 of the CPUC. This finding is supported by the plain language and the legislative history of § 2891(d), and the role of the Securities and Exchange Commission as a law enforcement agency under the federal securities laws.

This court also finds that § 2891 of the CPUC conflicts with federal securities laws and regulations. Therefore under the Supremacy Clause of the United States Constitution § 2891 of the CPUC is preempted by federal securities laws and is not applicable to process served pursuant to those laws.